## Corry School District's Petition

Before Evans, P. J., and Laub, J.

*Roger M. Brown*, for petitioner.

PER CURIAM, January 23, 1947.—On January 13, 1947, the School Board of the School District of the City of Corry presented this petition for a declaratory

judgment. An argument en banc was ordered for the purpose of preliminarily determining whether we had jurisdiction to entertain the petition. The argument was held January 20, 1947.

The petition alleges the desire of the petitioning school district to increase the compensation of its school teachers and recites a school board resolution to that effect "contingent upon the opinion of the Court of Common Pleas of Erie County, Pa., as to the legality of such payment". It further avers that upon reëxamining the budget of said school district the sum of $8,100 was discovered which, by the postponement of certain expenditures and the curtailment of others, can be made available for the desired purpose.

Further recitations of the petition allege that the School Code prohibits the transfer of funds from one class to another as herein contemplated except upon emergency; that the determination of the existence of a state of emergency is a question of law and that, with the increased cost of living, the school district is of the opinion that an emergency is now in existence.

We are asked to interpret the School Code and to enter a declaratory judgment defining the rights of the school district to transfer funds from one account within the budget to another for the purpose of increasing the compensation of the professional employes of the district.

We recognize the practical difficulty presented by the present condition as outlined in the petition and believe the subject matter to be a proper one for declaratory judgment, but unless the law gives us jurisdiction we are powerless to be of assistance to the board.

Procedurally the petition is not properly before us. It does not contain the endorsement of notice to a defendant or defendants required by paragraph 2 (a) of

the Act of May 22, 1935, P. L. 228, as amended by the Act of April 13, 1943, P. L. 43, 12 PS §848, and, although this is fatal, it is not our sole basis for dismissing the petition. Proceedings under the act, if the statute is to be of any value as a determining factor to the rights of litigants, must be in such form as to preclude future litigation by the same parties and upon the same subject matter. To this end all proper parties must be before the court. A petition which asks for legal advice only, and which does not name as defendants those whose interests are to be affected by the judgment, is clearly defective.

Section 11 of the original statute (Uniform Declaratory Judgments Act of June 18, 1923, P. L. 840) has this mandatory provision:

"When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding."

The present petition names no one who has asserted an antagonistic claim or who might properly be named as respondent. There is, therefore, no one upon whom the petition can be served.

That section 11, supra, refers to parties defendant is clearly indicated by the provisions of section 2 (a). This section, as stated above, requires an endorsement on the petition giving notice to defendant or defendants in the following language:

"You are required to file an answer within fifteen days from the service of this copy upon you, and to enter a written appearance in the court named, to the term and number stated hereon, specifying a person and a place within the county where service may be made upon you of all other papers, processes, and notices in the case. If you fail in either respect, a declaratory judgment or decree may be entered against you in your absence."

Section 2(*b*) is likewise an indication of the necessity for the appearance of a party defendant to all petitions under the act. This paragraph describes the manner of service to be made upon defendants. Section 4 of the statute provides:

"If the court finds, that any person, who has claims or might claim an interest which would be affected by the judgment or decree prayed for, has not been served with a copy of the petition, it may require the petitioner to bring in such person or persons by serving a copy of the petition on it, him, her, or them, with an endorsement thereon as provided for in section two of this act, and such service shall make all persons so brought in, parties to the proceeding."

All of these provisions, taken together, indicate the legislative intent that declaratory judgment proceedings encompass, as parties, all who might be adversely affected thereby. They do not imply that the rights of petitioning parties alone are to be adjudicated. This was early indicated by the Supreme Court in Kariher's Petition, 284 Pa. 455, 471, where it was said:

". . . jurisdiction will never be assumed unless the tribunal appealed to is satisfied that an actual controversy, or the ripening seeds of one, exists between parties, all of whom are sui juris and *before the court*, and that the declaration sought will be a practical help in ending the controversy . . ." (Italics supplied.)

If we were to assume jurisdiction and make the prayed for declaration we would not contribute to the safety of the school board in making the proposed payments. Counsel for the board very properly states that if the board takes an illegal step "the board members may find themselves faced with actions at law to surcharge them for exceeding the terms of the school law". A declaratory judgment under the presently proposed proceedings would not obviate future action by one not named either individually or by representa-

tion as a party to the action. No court could reasonably require the naming of all taxpayers within the school district nor the service upon them individually of copies of the petition. The law is not so irrational. But it seems quite clear that the rights of the taxpayers must be properly adjudicated in some way before they can be abridged.

Naked petitions for advice which name no persons having antagonistic claims would, in our opinion, serve no useful purpose either to petitioners or others who might benefit by a declaration made thereunder. This question was thoroughly explored and decided by President Judge William M. Parker (afterwards a justice of the Supreme Court) in the case of Additional Law Judge, 53rd Judicial District, 10 D. & C. 577. In that case an individual petitioner requested a declaratory judgment as to the constitutionality of an act of the legislature which provided for an additional law judge for the 53rd judicial district. No one was named as party defendant nor was there anything to show the existence of an actual controversy. After an exhaustive analysis of the law, Judge Parker there decided that the declaratory judgment as prayed for would not be res judicata as to persons not named, would serve no useful purpose and would, in fact, be harmful. He thereupon dismissed the petition. In Kariher's Petition, supra, it was said (p. 472) :

"Moreover, in a declaratory judgment proceeding the court will not decide future rights in anticipation of an event which may not happen, but, just as in the ordinary executory action, it will wait until the event actually takes place, unless special circumstances appear which warrant an immediate decision, as, for instance, where present rights depend on the declaration sought by plaintiff; and even then such rights will not be determined *unless all parties concerned in their adjudication are present and ready to proceed with the*

*case* [see section 11, of the act] *so that the judgment rendered will make the issues involved res judicata in the full sense of that term.*" (Italics supplied.)

As indicated by us at the outset, we are of the opinion that special circumstances appear here which warrant prompt action, since the situation, as outlined in the petition, appears to be of grave importance to the school district and the professional employes. However, the matter is not properly before us and we must dismiss the petition for lack of jurisdiction.

We are aware that one lower court, at least, has assumed jurisdiction in a similar matter. In Robinson Township School District's Petition, 58 D. & C. 217, Judge Ellenbogen took jurisdiction and entered the declaratory judgment as prayed for. We agree with much of what he there said relative to the necessity for prompt action for the relief of professional school employes of our various school districts, but judicial dialectics on subject matter will not remedy faulty procedure. In Redstone Township School Directors et al. v. Verbanic et al., 44 D. & C. 347, the Common Pleas Court of Fayette County took jurisdiction under the same circumstances as herein outlined, but it will be observed that in that case there were parties defendant who filed answers to the petition. Such is not the case here.

From these two cases and from the decisions in Mansfield Borough School District v. Mansfield High School Association, 9 D. & C. 113, and Petition of Dunmore School District, 38 York 80, petitioners maintain that their position as a school board alters the law respecting the procedure in declaratory judgments. They contend that since their functions are so closely knit to the public weal a liberal attitude on the part of the court is clearly indicated. We agree that a liberal attitude in such matters should be encouraged but if liberality is to be construed as requiring the rendition of a declaratory judgment which would have no

legal or binding effect, then we must disagree. Any decree entered by us on the present record would be futile insofar as the doctrine of res judicata is concerned.

And now, to wit, January 23, 1947, the petition is dismissed.